IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Plaintiff,

Vs.                                        No.  04-40056-01-SAC

PATTY L. BYRNS,

                Defendant.

MEMORANDUM AND ORDER

Charged in a three-count drug trafficking indictment arising out of a traffic stop, the defendant Patty Byrns pleaded guilty to count one--conspiracy to distribute in excess of 40 kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841, and 841(b)(1)(A).  The presentence report ("PSR") recommends a Guideline sentencing range of 360 months to life from a criminal history category of one and a total offense level of 42 based on the following calculations:  a base offense level of 38 pursuant to U.S.S.G. § 2D1.1(c)(1) (150 kilograms of cocaine based on three or more 50 kilogram trips), a two-level firearm enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) (pistol found in the defendant's purse), and a two-level adjustment for obstruction of justice pursuant to U.S.S.G. § 3C1.1 (her failure to appear for the sentencing hearing scheduled in September of 2004 and her later arrest on a warrant

in December of 2005). The addendum to the PSR reflects the defendant has two unresolved objections to which the government has responded. Both sides have filed sentencing memoranda in support of their positions.

**Defendant's First Objection:** The defendant objects that the base offense level should be 34 based on the quantity of drugs to which she pled, and the government does not oppose the defendant's suggestion and submits the defendant should be held accountable only for the drugs seized from her on May 12, 2004.

**Ruling**: The court sustains the defendant's objection in light of the government's position and in consideration of the court's prior rulings and findings during the sentencing of the co-defendant Kevin McColley. Consistent with the parties' position, the court will use a base offense level of 34.

**Defendant's Second Objection:** The defendant objects that the PSR fails to accord her a minor role adjustment. The defendant describes herself as a "prototypical courier" whose only role was to ferry drugs. She denies knowing the amount or kind of drugs that were transported and ever seeing or handling the drugs. She denies knowing anything more about her contacts than their nicknames. She denies having any particular knowledge of the scope or structure of the drug-trafficking conspiracy. What she knew came from the few, but specific, instructions given her for driving the vehicle from one location to another where

persons known only by their nicknames would come, take the vehicle and return it later. She did not plan, finance or arrange the drug trafficking scheme, had no decision-making authority, and did not derive any proceeds from drug sales. Her limited knowledge was consistent with that held by a typical courier and she was substantially less culpable than the average participant in this scheme for distributing drugs.

   The government "vehemently disagrees" with the defendant's request for her minor role adjustment. The government points to the number of cross-country trips made by the defendant and the significant compensation paid her for each trip. The government highlights the general pattern of the defendant's involvement in contacting the same persons and taking the loaded vehicles to the same destinations where she was met by the same persons. The government characterizes the defendant's participation as typical of the average mule who knows she is transporting contraband and who is kept in the dark as to other details as a matter of course. The government asserts the defendant should be denied a role reduction in that she is being held accountable only for the amount of drugs she personally carried during the offense of conviction, in that her status as a courier is not enough, in that she has made at least nine prior trips, and in that she was in charge of the last load when considering the involvement of her passenger

and nephew, Kevin McColley.

**Ruling**:   The mitigating role adjustment in U.S.S.G. § 3B1.2 "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2, comment. (n.3(A)).  The determination whether a defendant is entitled to such a reduction is "heavily dependent upon the facts of the particular case." U.S.S.G. § 3B1.2, comment. (n.3(C)).  A role reduction is not earned simply because a defendant is "the least culpable among several participants in a jointly undertaken criminal enterprise." *United States v. Lockhart*, 37 F.3d 1451, 1455 (10th Cir.1994) (citing *United States v. Caruth*, 930 F.2d 811, 815 (10th Cir.1991)).  In evaluating culpability, a court compares the "defendant's conduct with that of others in the same enterprise, but also with the conduct of an average participant in that type of crime." *United States v. Caruth*, 930 F.2d at 815.  To weigh relative culpability, "evidence must exist of other participants and their role in the criminal activity." *United States v. Sukiz-Grado*, 22 F.3d 1006, 1009 (10th Cir. 1994) (internal quotation marks omitted).  In short, a role reduction is appropriate only when the defendant is "substantially less culpable" than an average participant and not required just because multiple participants with differing levels of culpability are involved.  The defendant has the burden of proving her minor

4

participation.  *United States v. Harfst*, 168 F.3d 398, 401-02 (10th Cir. 1999).

The Tenth Circuit has eschewed adopting any *per se* rule that drug couriers are entitled to minor role reductions.  *United States v. Chavez*, 229 F.3d 946, 956 (10th Cir. 2000); *United States v. Torrez*, 2004 WL 1510011, at *1 (10th Cir. 2004); *see, e.g.*, *United States v. Montoya*, 24 F.3d 1248, 1249 (10th Cir. 1994) ("Given the important function of couriers in drug distribution networks, we have recognized that couriers often are not minor participants."); *United States v. Sukiz-Grado*, 22 F.3d at 1009; *United States v. Ballard*, 16 F.3d 1110, 115 (10th Cir.), *cert. denied*, 512 U.S. 1244 (1994).  By the same token, the Tenth Circuit has not said that a drug "courier is ineligible for" a role reduction.  *United States v. Harfst*, 168 F.3d at 403.  For that matter, the Sentencing Guidelines do not preclude a minor role reduction to a defendant whose only role in the offense was "transporting or storing drugs" when the defendant is held accountable only for the quantity of drugs personally transported.  U.S.S.G. § 3B1.1, comment. (n.3(A)).

Tenth Circuit case law supports considering not just the status of drug courier but a number of other factors that are relevant here in the determination whether the defendant is a minor participant:  (1) "defendant's knowledge or lack thereof concerning the scope and structure of the enterprise and of the activities of others involved in the offense," *United States v. Calderon-Porras*, 911 F.2d 421,

5

423 (10th Cir. 1990) (mitigating role adjustment inquiry must focus on this factor); (2) defendant's involvement in more than one transaction, *United States v. Montoya*, 24 F.3d at 1249; (3) the distance traveled by the courier and amount of compensation, *United States v. Mares*, —F.3d—, 2006 WL 752017, at *6 (10th Cir. Mar. 24, 2006); (4) the quantity of drugs entrusted to the defendant for transportation, *United States v. Parra-Garcia*, 1 Fed. Appx. 778, *783-784, 2001 WL 10291, *5 (10th Cir. 2001); (5) the fact that the defendant was specifically hired to transport or was "duped into delivering" the contraband; *United States v. Salazar-Samaniega*, 361 F.3d 1271, 1278 (10th Cir.), *cert. denied*, 543 U.S. 859 (2004); (6) the level of planning required to transport the drugs, *see id.*; and (7) defendant's involvement in regards to "underlying scheme" in comparison to the defendant's involvement in the offense of conviction, *see United States v. Harfst*, 168 F.3d at 403.

        While a close call, the court concludes that the defendant has not carried her burden of proof. The court certainly attributes significant weight to the facts that the defendant did not know the kind and amount of drugs she transported, that she never personally handled those drugs, and that her apparent knowledge of the scope and structure of the underlying drug trafficking scheme was limited. The weight of these factors is offset by a number of circumstances

that cannot be overlooked or effectively discounted in this case: the defendant admitted in her plea to making nine prior trips similar in nature to this one, the defendant transported what she knew was illegal contraband over substantial distances from California to Kentucky, the defendant consistently followed a pattern of conduct in transporting the drugs and in contacting the same persons involved in the scheme, the defendant was stopped with a large quantity of drugs secreted in the vehicle, the defendant was paid as much as $5,000 for each trip and provided vehicles for the trips, and the defendant carried a gun with her on these trips and stipulated that her sentence should be enhanced for possession of a firearm.  In line with Tenth Circuit precedent, this latter set of circumstances restrains this court from finding that the defendant was a minor participant based on her particular drug courier role.  Though not entitled to a minor role reduction under the Guidelines, the court believes the defendant's lack of knowledge about the kind and amount of drugs and about the scope and structure of the scheme is relevant under 18 U.S.C. § 3553(a) and will influence the weight to be accorded the Guideline sentencing range which in this case is driven largely by the amount of drugs found in the defendant's vehicle.

      IT IS THEREFORE ORDERED that the defendant's objection to the drug quantity used to determine the base offense level is sustained and the court

shall use a base offense level of 34 that results in Guideline sentencing range of 235 to 293 months;

IT IS FURTHER ORDERED that the defendant's objection to the denial of a minor role adjustment pursuant to U.S.S.G. § 3B1.2 is overruled.

Dated this 19th day of April, 2006, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge