IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                    Plaintiff,

        Vs.                                                No.  04-40056-01-SAC

PATTY L. BYRNS,

                    Defendant.

MEMORANDUM AND ORDER

        The case comes before the court on the defendant's pro se

motion for the court to reduce her sentence because of the recent cocaine

base amendments to U.S.S.G. § 2D1.1 that were made retroactive

pursuant to U.S.S.G. § 1B1.10 and effective on March 3, 2008.  (Dk. 91).

The defendant also requests that during the resentencing this court should

exercise its discretion and further reduce her sentence after considering all

relevant factors under 18 U.S.C. §  3553(a).  The defendant is not entitled

to any relief on her motion, as the retroactive cocaine base amendments to

U.S.S.G. § 2D1.1 do not apply to her sentence for trafficking in cocaine.

        Charged in a three-count drug trafficking indictment arising out

of a traffic stop, the defendant Patty Byrns pleaded guilty to count one--

conspiracy to distribute in excess of 40 kilograms of cocaine in violation of

21 U.S.C. §§ 846, 841, and 841(b)(1)(A).  At the change of plea hearing,

the factual basis of the defendant's plea was that she admitted transporting

drugs or drug proceeds and that officers found in the false compartment of

the vehicle she was operating forty packages, each weighing

approximately one kilogram, that tested positive for cocaine hydrochloride.

The released presentence report ("PSR") recommended a Guideline

sentencing range of 360 months to life from a criminal history category of

one and a total offense level of 42.  Considering prior trips as relevant

conduct, the PSR used a base offense level of 38 pursuant to U.S.S.G. §

2D1.1(c)(1) (150 kilograms of cocaine based on three or more 50 kilogram

trips).  The court sustained the defendant's objection and relied only on the

cocaine seized from the vehicle when the defendant was arrested.  The

court used a base offense level of 34 for the 40 kilograms of cocaine

hydrochloride pursuant to U.S.S.G. § 2D1.1(c)(3).  The advisory guideline

range was 235 to 293 months (total offense level of 38 and criminal history

category of one).  The court sentenced the defendant to 180 months in

consideration of the different factors under 18 U.S.C. §  3553(a).

The recent Amendment 706 to the Sentencing Guidelines that

took effect November 1, 2007, and was made retroactive taking effect on

March 3, 2008, generally adjusts downward by two levels the base offense

level assigned to quantities of **cocaine base** listed in the Drug Quantity

Table of § 2D1.1(c).  "[I]n the case of a defendant who has been sentenced

to a term of imprisonment based on a sentencing range that has

subsequently been lowered by the Sentencing Commission . . . the court

may reduce the term of imprisonment . . . if such a reduction is consistent

with applicable policy statements issued by the Sentencing Commission."

18 U.S.C. § 3582(c)(2).  The defendant here did not receive a sentence

based on a range that the Commission subsequently has lowered.  The

Commission's policy statement at U.S.S.G. § 1B1.10, states that a

reduction "is not authorized under 18 U.S.C. §  3582(c)(2) if---- . . .  (B) an

amendment listed in subsection (c) does not have the effect of lowering the

defendant's applicable guideline range."

In deciding the propriety of a § 3582(c)(2) reduction, the

sentencing court is only to determine the guideline range assuming the

amended guidelines had been in place at the time of sentencing.  U.S.S.G.

§ 1B1.10(b)(1).  "In making such determination, the court shall substitute

only the amendments listed in subsection (c) for the corresponding

guideline provisions that were applied when the defendant was sentenced

and *shall leave all other guideline application decisions unaffected.*"  *Id.*

(italics added).  The use of the amended **cocaine base** ranges in the Drug

Quantity Table of U.S.S.G. § 2D1.1(c) would not lower the guideline range

applied in sentencing the defendant.  The court here sentenced the

defendant under the cocaine or cocaine hydrochloride ranges of § 2D1.1(c)

and not the cocaine base ranges.  Consequently, Amendment 706 does

not change the court's application of cocaine ranges to the defendant's

sentence.  Because Amendment 706 does not lower the guideline range

used at the defendant's sentencing, her motion for relief pursuant to §

3582(c)(2) is denied.

　　　　IT IS THEREFORE ORDERED that the defendant's pro se

motion for the court to reduce her sentence in accordance with 18 U.S.C. §

3582(c)(2) (Dk. 91) is denied.

　　　　Dated this 24th day of April, 2008, Topeka, Kansas.


　　　　　　　　　s/ Sam A. Crow
　　　　　　　　　Sam A. Crow, U.S. District Senior Judge